IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WANDA FAY GRIMES CHERRY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Case No. 3:20-cv-00176** |
| **APPLE CLK, LLC,** ) | **Judge Aleta A. Trauger** |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the court is plaintiff Wanda Cherry's Motion for Summary Judgment (Doc. No. 19). For the reasons set forth herein, the motion will be denied.

### I.  STATEMENT OF THE CASE

The plaintiff initiated this action by filing her Complaint in the Circuit Court for Rutherford County, Tennessee on January 15, 2020. (Doc. No. 1-1.) The defendants removed the case to this court on the basis of diversity jurisdiction and then promptly moved for the substitution of the appropriate defendant and the dismissal of incorrectly named defendants. That substitution has been effected and it is clear now that Apple CLK, LLC ("Apple") is the appropriate defendant.

The Complaint states a classic slip-and-fall negligence claim against the owner of a restaurant that the plaintiff visited in January 2019. The plaintiff alleges that, while at the restaurant, she tripped on a rug in the lobby area of the restaurant and fell, sustaining injuries. She claims that the rug was positioned in a dark area of the restaurant, that it was buckled and curled rather than lying flat on the floor, that several other customers had previously slipped, tripped, or fallen due to the buckled and curled rug, and that the restaurant knew or should have known, through the exercise of reasonable care, of the unsafe condition of the rug. (Doc. No. 1-1 ¶¶ 5–11.)

Apple filed its Answer on April 24, 2020, denying many of the plaintiff's factual allegations, denying liability, and asserting several affirmative defenses, including a defense based on the comparative fault of a third party. Specifically with regard to the latter, Apple's Sixth Affirmative Defense states:

> [Apple] is not aware of any negligence by any non-party that proximately caused Plaintiff's injuries. However, pursuant to Tennessee law, [Apple] is compelled to plead that it will rely upon the doctrine of comparative fault as to Aramark Uniform Services, a division of Aramark Uniform & Career Apparel, LLC, should the proof demonstrate that Aramark Uniform Services, a division of Aramark Uniform & Career Apparel, LLC was negligent in failing to maintain the floor mats and/or failing to provide reasonably safe floor mats which allegedly caused the Plaintiff's injuries . . . .

(Doc. No. 13, at 3.)

A few days after the defendant filed its Answer, the court conducted a telephonic initial case management conference, following which the court entered the Initial Case Management Order ("ICMO"). (Doc. No. 16.) The ICMO, consistent with the ordinary procedures of the undersigned, prohibits the filing of any motion for partial summary judgment except upon leave of court. (*Id.* ¶ K.) Any party who wishes to file a motion for partial summary judgment must first file a separate motion giving the "justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court." (*Id.*)

The plaintiff filed her Motion for Summary Judgment on July 23, 2020. In it, the plaintiff seeks only a "judgment" that the Answer does not provide a basis for the application of the doctrine of comparative fault or for extending the statute of limitations under Tenn. Code Ann. § 20-1-119 and that the defendant should not be entitled to invoke comparative fault to reduce the plaintiff's recovery. (Doc. No. 19, at 1; *see also* Memorandum, Doc. No. 20, at 1, 5–6.) In its Response, the defendant argues that the motion should be denied on the basis that: (1) the motion is actually an untimely motion to strike an affirmative defense rather than a motion for summary judgment, filed

more than the twenty-one days after service of the Answer allotted by Rule 12(f) of the Federal Rules of Civil Procedure; (2) even if it is deemed to be a motion for summary judgment, it is a motion for *partial* summary judgment, and the plaintiff did not seek or obtain permission to file a motion for partial summary judgment; and (3) even if considered on the merits, the motion should be denied, because the defendant's filing satisfied the comparative fault statute and the Federal (and Tennessee) Rules of Civil Procedure, as it was clearly sufficient to put the plaintiff on notice of the basis for the defendant's comparative fault defense and the identity of the potential comparative tortfeasor.

## II.  DISCUSSION

The defendant is correct on all three counts. First, the motion was incorrectly characterized as a "Motion for Summary Judgment." It would have been slightly more correct to characterize it as a motion for partial summary judgment, because resolution of the motion in the plaintiff's favor would not dispose of the case in its entirety. Deemed such, it was filed in dereliction of the ICMO and subject to denial on that basis alone. Further, even if the plaintiff had sought permission to file the motion for partial summary judgment, as required by the ICMO, the court likely would have denied such a motion on the basis that the plaintiff would not have been able to show that its filing was justified "in terms of overall economy of time and expense for the parties, counsel and the court." (Doc. No. 16 ¶ K.)

Second, the motion, although characterized as one for summary judgment, is more properly deemed a motion to strike an affirmative defense. The plaintiff does not seek judgment as a matter of law either as to the defendant's liability or as to the merits of its comparative fault defense based on the law as applied to undisputed facts. Rather, as the language employed in the plaintiff's Memorandum establishes, she seeks to strike the defense as insufficient. (*See* Doc. No. 20, at 4 ("It is respectfully submitted that, as a matter of law the statement '[Apple] is not aware of any

negligence by any non-party that proximately caused Plaintiff's injuries' *is insufficient, as a matter of law, to give the Plaintiff fair notice of the nature of the defense and to establish comparative fault.*" (emphasis added)).) Consequently, the motion is governed by Rule 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense" either "on its own" or "on a motion made by a party. . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Because the motion was filed ninety days after the Answer, and the plaintiff offers no justification for the delayed filing, the motion is untimely and subject to denial on this basis as well. *Accord, e.g.*, *D.T.I. of Saginaw, Inc. v. Zurich Am. Ins. Co.*, No. 2:08-CV-10202, 2008 WL 11357846, at *1 (E.D. Mich. Apr. 30, 2008) (exercising discretion to deny a motion to strike as untimely under Rule 12(f)(2)).

Finally, even considered on the merits, the motion is not well taken. As a general rule, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp., v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Morrow v. South*, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) (Rule 12(f) motions "are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy."). "A motion to strike should be granted if it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs Local 324*, 783 F.3d at 1050 (internal quotation marks and citation omitted).

In this case, it appears that the plaintiff is making two distinct arguments: (1) that the defendant's affirmative defense does not satisfy the requirements of Tenn. Code Ann. § 20-1-119 for extending the statute of limitations for adding defendants or bringing a separate suit against

others whose negligence may also have contributed to the plaintiff's injuries; and (2) that the pleading did not adequately "give the Plaintiff fair notice of the nature of the defense and to establish comparative fault." (Doc. No. 20, at 4.) She seeks the same relief based on both arguments: that the defendant be barred from asserting comparative fault as a basis for reducing the plaintiff's recovery. Although the plaintiff's motion somewhat conflates these two questions, they involve separate analyses.

In a diversity action, "state law defines the nature of [affirmative] defenses, but the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised . . . ." *Roskam Baking Co., Inc. v. Lanham Mach. Co.*, 288 F. 3d 895, 901 (6th Cir. 2002) (citation omitted). Under Rule 8(b) of the Federal Rules of Civil Procedure, a party asserting an affirmative defense is required only to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). Defenses must be "affirmatively state[d]" in a responsive pleading and may be waived if not so raised. There is no argument here that the Answer was untimely or that the affirmative defense was waived as a result of not being asserted at the first reasonable opportunity.[1] Rather, the question is whether, under state law, the defense was adequately pleaded.

Under state law, Rule 8.03 of the Tennessee Rules of Civil Procedure designates "comparative fault (including the identity or description of any other alleged tortfeasors)" as an affirmative defense. Tenn. R. Civ. P. 8.03. "Rule 8.03 contemplates that at the pleading stage, either the identity or a description of another potential tortfeasor is sufficient to initiate discovery." *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 787 (Tenn. 2000). Moreover, "[R]ule 8.03 does not require a defendant to set forth previously unpleaded facts to support his or her defense,

---

[1] Tennessee law is in accord, requiring an affirmative defense to be raised in the first responsive pleading. *Young ex. rel. Young v. Kennedy*, 429 S.W.3d 536, 549 (Tenn. Ct. App. 2013).

but instead requires that the defendant plead facts supporting his or her defense in an affirmative, or positive, manner." *Young*, 429 S.W.3d at 553. "[N]othing in Rule 8.03 requires that these facts come from outside the Complaint." *Id.* Further, "[i]t is well settled . . . that if the opposing party is given fair notice of the defense and an opportunity to rebut it, failure to specifically plead [a defense] will not result in a waiver." *Id.* (citing *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995)).

In this case, the defendant specifically identifies Aramark Uniform Services, a division of Aramark Uniform & Career Apparel, LLC ("Aramark"), as a potential comparative tortfeasor, and the defendant provided a description of Aramark's role, sufficient to "give[] fair notice of the defense," by indicating that Aramark was responsible for maintaining the floor mats used by the restaurant and for providing reasonably safe floor mats to the restaurant. Under Tennessee law, these allegations are clearly sufficient to put the plaintiff on notice of the identity of another potential tortfeasor, "sufficient to initiate discovery." *Brown*, 12 S.W.3d at 787; *see also Young*, 429 S.W.3d at 553–54 (noting that "the key question is generally whether the opposing party had sufficient notice of the defense to attempt to rebut it" and that "[t]he specific pleading requirements of Tenn. R. Civ. P. 8.03 are designed to prevent trial by ambush" (citations omitted)). The defendant's pleading satisfies Rule 8.03.

The plaintiff also argues, however, that the pleading does not satisfy Tenn. Code Ann. § 20-1-119, because the language of the Answer does not precisely mirror the language contained in Tenn. Code Ann. § 20-1-119(a). The referenced statute provides, in relevant part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint . . . alleges in an answer or amended answer . . . that *a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery*, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
>
> (1) Amend the complaint to add the person as a defendant . . . ; or

> (2) Institute a separate action against that person . . . .
>
> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. . . .
>
> (c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

Tenn. Code Ann. § 20-1-119(a)–(c) (emphasis added). The Tennessee Supreme Court, however, has expressly rejected the plaintiff's argument. In *Austin v. State*, 222 S.W.3d 354 (Tenn. 2007), the court considered the precise question presented here: whether the statute "provides a plaintiff with a ninety-day extension of the statute of limitations when a defendant does not explicitly allege the fault of a nonparty." *Id.* at 355. The court held that it does so "whenever a defendant's answer gives a plaintiff notice of the nonparty's identity and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." *Id.*

To be sure, *Austin* involved procedurally different circumstances. There, the plaintiffs filed suit against Fayette County, Tennessee after they were injured as a result of running a stop sign at night, alleging that the county was negligent in failing to ensure placement of the stop sign so it was visible at night, failing to illuminate the area, failing to provide warnings, and so forth. In its answer, the county claimed that the stop sign in question "was not placed there" by the county but, instead, was "in the right of way of the State of Tennessee [and] under the control of the State of Tennessee." *Id.* at 356. It also asserted that the State of Tennessee was responsible for the maintenance of the roadway and the light, barricades, and other traffic devices in the area where the sign was located. *Id.* The plaintiffs filed a separate lawsuit against the State of Tennessee within ninety days of service of the answer. The state sought to have the case dismissed on statute of limitations grounds, arguing that § 20-1-119 did not extend the statute of limitations, because the defendant's answer did not "allege explicitly that the nonparty tortfeasor caused or contributed to the plaintiff's injury." *Id.* at 357.

The Tennessee Supreme Court rejected that argument, holding that the action was timely under § 20-1-119 and not barred by § 28-3-104, which otherwise established a one-year statute of limitations for negligence actions, because the county's allegations regarding the state's responsibility for the sign and the maintenance of the road and vicinity "specifically identif[ied] the State as a nonparty" and "reasonably support[ed] the conclusion that the State [was] responsible for the Austins' injuries. *Austin*, 222 S.W.3d at 358. To reach that conclusion, the court explained the working of the statute as follows:

> In *McIntyre v. Balentine*, 833 S.W.2d 52, 56 (Tenn.1992), we adopted the doctrine of comparative fault to provide for a more just apportionment of fault between plaintiffs and defendants. . . . Shortly after our decision in *McIntyre*, the General Assembly enacted [§] 20-1-119, which gives plaintiffs a limited time within which to amend a complaint to add as a defendant any person alleged by another defendant to have caused or contributed to the injury, even if the statute of limitations applicable to a plaintiff's cause of action against the added defendant has expired. . . . In light of this purpose, we have rejected arguments that narrowly construe [§] 20-1-119 . . . .
>
> The State contends that [the statute] requires defendants to allege explicitly that the nonparty tortfeasor caused or contributed to the plaintiff's injury. However, a plaintiff should not be denied an opportunity to recover against that potential tortfeasor simply because a defendant's answer did not follow a precise legal formula. Moreover, under Rule 8.03 of the Tennessee Rules of Civil Procedure, a defendant may successfully raise the defense of comparative fault by "set[ting] forth affirmatively facts in short and plain terms relied upon to constitute . . . comparative fault (including the identity or description of any other alleged tortfeasors)." A defendant is not required to allege the fault of the nonparty explicitly or use the words "comparative fault." Consistent with the liberal pleading standards of the Tennessee Rules of Civil Procedure, the determination of whether comparative fault is an issue cannot turn on the presence or absence of such precise language. . . .
>
> Based on the foregoing principles, we conclude that [§] 20-11119 applies whenever a defendant's answer gives a plaintiff notice of the identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury.

*Id.* at 357–58 (some internal quotation marks and citations omitted).

Although the plaintiff's posture here is quite different from that of the third parties in *Austin*, the same principles apply. If the plaintiff had *chosen* to file suit against Aramark or to add it as a defendant in this case within ninety days of being served with the Answer, and Aramark, like the state in *Austin*, had objected on the grounds that the one-year limitations period had expired, the court would have held that the plaintiff's claims were timely, based on her having been placed on notice of Aramark's identity and potential negligence by the Answer. Here, the plaintiff is attempting to argue instead that, because the language of the affirmative defense does not mirror that of the statute, it is insufficient to permit the defendant to invoke the defense of comparative fault and to attribute fault against Aramark and, therefore, that it does not extend the statute of limitations. This argument is nonsense. The statute was intended to benefit plaintiffs, not to provide them a basis for foreclosing a defense. Moreover, the plaintiff here has no need to invoke the statute, because she has chosen not to sue Aramark or add it as a defendant. The only real issue, under the circumstances, is whether the defendant has successfully raised a comparative fault affirmative defense by identifying or describing the alleged nonparty tortfeasor and setting forth "in short and plain terms," Fed. R. Civ. P. 8(b)(1)(A); Tenn. R. Civ. P. 8.03, the facts supporting the defense. And, as set forth above, there is no question that it has done so.

Moreover, the law is clear that, if the plaintiff seeks to add Aramark later down the line, claiming, for example, that she has only recently discovered facts that might support Aramark's comparative fault, any such attempt will be barred by the statute of limitations, because the Answer was already sufficient to put her on notice of Aramark's potential fault. *Accord Swearengen v. DMC–Memphis, Inc.*, 488 S.W.3d 774, 780 (Tenn. Ct. App. 2015) (finding that the defendant hospital's statements in its original answer that it was prohibited by law from practicing medicine and that it did not employ the physicians who had treated the plaintiff were sufficient to put the

plaintiff on notice of the potential comparative fault of the physicians who had treated him at the defendant hospital, despite not identifying the physicians by name, and, therefore, that the amended complaint naming the physicians as defendants, filed more than ninety days after service of the answer, was untimely).

At least one other court in this district has had occasion to consider the operation of § 20-1-119 in the context of a motion to strike. In *Sandidge v. Acumed, LLC*, the plaintiffs argued that the defendant's comparative fault defense was not adequately pleaded, because its allegations "fail[] to specifically identify any of the health care providers whose conduct it questions and fail[] to provide any factual allegations regarding the basis for asserting such claims." *Sandidge v. Acumed, LLC*, No. 3:16-0376, 2016 WL 8155359, at *2 (M.D. Tenn. Dec. 16, 2016) (Newbern, M.J.), *report and recommendation adopted*, No. 3:16-CV-00376, 2017 WL 430070 (M.D. Tenn. Jan. 30, 2017) (Crenshaw, J.). Based on *Austin* and *Swearengen*, Magistrate Judge Newbern found that the allegations in the answer satisfied both Rule 8.03 of the Tennessee Rules of Civil Procedure and § 20-1-119 and recommended denying the motion to strike. *See id.* at *5 ("[T]he Sandidges received sufficient notice from Acumed's original and amended answers to identify, through discovery or through their own firsthand knowledge, the persons who provided Dr. Sandidge's care against whom Acumed alleges contributory fault. As to whether Acumed affirmatively pleaded sufficient facts to identify the grounds of its claimed comparative fault, all that is required is the allegation of 'facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury.'" (quoting *Austin*, 222 S.W.3d at 358)).)

Likewise in this case, the Answer specifically identifies the company against which Apple alleges comparative fault and asserts facts that reasonably support a conclusion that that company, by negligently maintaining or placing the floor mat at issue, may have caused or contributed to the

plaintiff's injury. Under Tennessee law, the fact that the Answer did not affirmatively state that Aramark "caused or contributed" to the plaintiff's injury or damage is immaterial.

### III. CONCLUSION AND ORDER

The plaintiff's motion (Doc. No. 19) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge